# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW ROSING, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 10-255-GPM |
| | ) |
| RONALD WILSON, | ) |
| | ) |
|      Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Before the Court is Defendant Ronald Wilson's motion for summary judgment on the basis of qualified immunity (Doc. 19). Mr. Wilson filed his motion on February 24, 2011, and a copy of the motion was mailed to Plaintiff, Andrew Rosing. In the two months since the motion for summary judgment was filed, Mr. Rosing has failed to enter any response. Pursuant to Local Rule 7.1(c), the Court deems that Plaintiff has acceded to the merits of Defendant's motion for summary judgment. UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS LOCAL RULE 7.1(c) ("Failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion."). The Court therefore **GRANTS** Defendant's motion for summary judgment, and this action will be dismissed with prejudice.

## FACTUAL BACKGROUND

Mr. Rosing claims that on March 26, 2010, Mr. Wilson, a correctional officer at Vandalia Correctional Center, yelled at inmates to stop talking after lights-out, then entered Mr. Rosing's cell and confronted Mr. Rosing, asking: "why are you smiling white boy, do you wanna fuck

with me?". Officer Wilson then pulled Mr. Rosing's mattress, causing Mr. Rosing to fall from his bed. As a result, Mr. Rosing claims he chipped several of his teeth, injured his back, and aggravated a preexisting ankle injury. Three days after this incident, Mr. Rosing was examined by a dentist who noted that Mr. Rosing had a one millimeter chip in the enamel of one lower incisor. The dental examination notes indicated no injuries consistent with any physical altercation. On April 5, 2010, Mr. Rosing saw a registered nurse for complaints of pain in his back and ankle. The nurse's report indicates normal gait, and no bruising, swelling, or deformities. On April 21, 2010, Mr. Rosing had x-rays taken of his ankle and back. Results revealed no fractures.

## **DISCUSSION**

The standard applied to summary judgment motions filed under Rule 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). "We often call summary judgment, the 'put up or shut up' moment in litigation, by which we mean that the non-moving party is required to marshal and present the court with the evidence

she contends will prove her case. And by evidence, we mean evidence on which a reasonable jury could rely." *Goodman v. National Security Agency, Inc.,* No. 09-2043, 2010 WL 3447727 (7th Cir. Sept. 3, 2010). Here, Mr. Wilson claims that there is no Eighth Amendment violation and he is therefore entitled to qualified immunity. "Generally, qualified immunity protects government agents from liability when their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known. This involves two questions: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendant violated a constitutional right; and (2) whether that constitutional right was clearly established at the time of the alleged violation. Whether the defendants are entitled to qualified immunity will depend on what constitutional affronts the plaintiffs argue." *Hernandez v. Cook County Sheriff's Office,* 643 F.3d 906, 914 (7th Cir. 2011) (internal quotations and citations omitted). To ascertain whether there was excessive force unconstitutionally used against Mr. Rosing, the Court is guided by the following standard:

> The Cruel and Unusual Punishment Clause of the Eighth Amendment prohibits the unnecessary and wanton infliction of pain on prisoners. What constitutes and unnecessary and wanton infliction of pain, however, varies according to the nature of the alleged constitutional violation. In excessive force cases, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. A court should examine a variety of factors in conducting this inquiry, including the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner. With regard to the last of these factors, while significant injury is not required, a claim ordinarily cannot be predicated upon a de minimus use of physical force. Thus, not every push or shove by a prison guard violates a prisoner's constitutional rights.

*DeWalt v. Carter,* 224 F.3d 607, 619-620 (7th Cir. 2000) (internal citations and quotations omitted).

Mr. Rosing has not shown an Eighth Amendment violation, and Officer Wilson is entitled

to qualified immunity.  There was de minimus use of force here.  Despite indelicate and racially charged language, Mr. Rosing has not described a malicious act of disproportionate force.  Most tellingly, Mr. Rosing had no discernable injuries apart from negligibly chipped tooth enamel.  The dentist's report indicates that such a "tiny chip" could have resulted from biting hard candy (Doc. 19-1).  The dentist noted "no facial injuries which would have been sustained during a possible physical interaction."  Mr. Rosing fails to present a Constitutional violation, and Officer Wilson's motion for summary judgment will therefore be **GRANTED.**  This action will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: April 25, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge